I'll call Medical & Chiropractic Clinic v. David Oppenheim. Mr. Sobel for the appellant, Mr. Bloning and Mr. Hatch for the appellees, and when you're all situated there, Mr. Sobel, you may begin. Jeff Sobel I'm Jeff Sobel, and I represent an individual company named Medical & Chiropractic Clinic, Inc., here today. The issue before the court is unique, not one that any lawyer has been able to find any case directly on point, including Judge Honeywell at the District Court. Judge Honeywell Oh, she filed the case on point, our prior decision in the Kincade v. General Tire & Rubber Company, where the Fifth Circuit held that class counsel's duty is to the class members as a whole and not to any particular named clinic. Why aren't we bound by that decision? Jeff Sobel Your Honor, that case and cases like it involve competing class members, and that's not the issue in this case. This case is about the conduct of the lawyer representing the class member and whether they owe a fiduciary duty of loyalty. Jeff Sobel So, in this case, the lawyer did not make an appearance in the SIN Q action, correct? Jeff Sobel They did not file an appearance. Jeff Sobel He was brought in to help with the class mediation. Jeff Sobel Yes, he helped with two different mediations, yes. Jeff Sobel Is there any evidence of the record he ever met your client? Jeff Sobel Yes, he met with our client. Jeff Sobel I mean, before the mediation, I mean. Jeff Sobel Yes. Jeff Sobel Okay. Jeff Sobel Yes. In fact, he had dinner with Ms. Zakruski, who unfortunately is now deceased, who was representing Medical and Chiropractic Clinic, Inc., at the first mediation. And Mr. Oppenheim and she had dinner the night before, discussed the mediation. Jeff Sobel Well, that was in connection with the mediation. Any evidence he met with your client in anything other than the mediation? Jeff Sobel No, it was strictly related to the mediation. Jeff Sobel All right. Who was he representing at the mediation? Jeff Sobel He represented his client, Medical and Chiropractic Clinic, and also the class. Jeff Sobel All right. What specific rights does your client have with respect to its individual claims in this case? It seems like your client's wearing three hats. It's an individual plaintiff. Jeff Sobel Yes. Jeff Sobel It's a class rep. Jeff Sobel Yes. Jeff Sobel And it's a member of a competing class. Jeff Sobel A putative member. At the time when you're concerned about the filing of this second class action. Jeff Sobel At the time of the actions of the defendants, there is no competing class. All of the actions... Jeff Sobel There wasn't a competing class. Why are we here? Jeff Sobel Because the defendants, counsel for my client, used information obtained from the client and from working on the case to share it with their new prospective new employer. They shared information both before and after their prospective new employer. Jeff Sobel And what did they do with that information? Jeff Sobel They then decided to file a competing class action. Jeff Sobel So there is a competing class action. That's what I just asked you. Jeff Sobel I'm sorry, Your Honor. I was trying to distinguish between whether a competing class action existed at the time that the alleged breaches occurred in the case. Jeff Sobel No. At various points in this case, your client's wearing three hats. That may have been a more clear question to ask you. Jeff Sobel Certainly after the TTA action is filed, they're a competing class member. Yes. Jeff Sobel All right. And they can opt out of the TTA action. Jeff Sobel They can. Jeff Sobel All right. Jeff Sobel If they opt out, their individual claims are preserved. Jeff Sobel Yes. Jeff Sobel So the only real concern you've got here is how they were treated as a class rep in the SIN Q action. Jeff Sobel Our concern is how they were treated by their lawyer and the lawyer's fiduciary duty of loyalty and confidentiality to their client, medical and chiropractic clinic. Jeff Sobel But there's no connection between any alleged breach of fiduciary duty and any damage to their individual claim as they could opt out and pursue their claims against Buccaneers if they wanted to. Jeff Sobel They could pursue their individual claim. They may very well have lost their right to an incentive award after having been the class representative. Jeff Sobel But that's not as an individual plaintiff. That's as a class rep. Jeff Sobel Yes, in a class settlement. Jeff Sobel All right. So that's what I'm getting at is really all your arguments boil down to this. Our client lost some status as a class representative in the SIN Q action because of the conduct of these lawyers. Is that a fair boiled down summary? Jeff Sobel Factually, yes. Legally, we think the issue is different, Your Honor. Jeff Sobel All right.  What information was shared that would have been a breach? That the Buccaneers lawyer was a settler? Jeff Sobel There was information about the lawyer. There was information about the mediator. There was information about… Jeff Sobel Be specific. Don't just categorize. Be specific. What information was shared? Jeff Sobel The Buccaneers lawyer was a closer, which was an opinion not just of counsel but of the mediator, Judge Wayne Anderson from the Northern District of Illinois. There were draft term sheets. There were a slew of them with various numbers and proposals in them that were copied from Mr. Oppenheim's Anderson and Wansa files before he left the law firm and given to his new law firm. So there were those draft term sheets and all of that information related to the mediation privileged information from the mediation in Florida. Does that information belong to MNC? I mean, is that the confidential information of MNC? Jeff Sobel It's not MNC's corporate confidential information. It's mediation privileged information for the class and MNC as, at the time, the putative class member. Jeff Sobel A putative class member. There were others, right? Jeff Sobel There were a couple other, yes. There were multiple named class reps. Well, I'm trying to figure out from what does the fiduciary duty arise? The duty, counsel's duty, to a particular named plaintiff as opposed to the members of the class as a whole. What's the derivation of that duty that gives rise to a fiduciary duty? Jeff Sobel The attorney-client relationship. The named class rep is... Do you have a case that says that? Yes. So, the Boot versus Lafarge case, quote, before a class has been certified, only the named plaintiffs are clients of the plaintiff's law firm at this stage. Does it say there's a fiduciary duty to the individual named plaintiffs as opposed to the class as a whole? No, there's not a case that makes this distinction. Because I couldn't find one. Neither could we, your honor. There's all the cases that talk about these fiduciary relationships and fiduciary duties involve competing class members and whether... And the typical situation is the named class... If there is a fiduciary duty, wouldn't it arise out of Federal Rule of Civil Procedure, what is it, 23? And there's nothing in there. No, it arises from the attorney-client relationship and the Florida Rules of Professional Conduct are also evidence of it. Is there any daylight difference between the duty owed to a class member and the duty owed to a class representative? If they become inconsistent, the duty of the class is going to trump the duty owed to the class member. We don't dispute that. But as a general principle, any difference in the duty owed to the class, even a putative class, and the duty owed to a class rep, even a putative class rep? Yes, the duties to the class rep are those of an attorney-client relationship and the attorney-client relationship does not exist with the putative class members. So the fiduciary duty arises from the attorney-client relationship, which is governed by the Florida Rules of Professional Responsibility. And case law finding fiduciary duties in attorney-client relationships. Because the preamble to the Florida Rules say that these rules, quote, are not designed to be a basis for civil liability, close quote. Correct. And we have not relied on them as the sole basis or the reason dietra for the fiduciary duty. They are an example of the standard of care. There are cases that cite repeatedly that an attorney-client relationship is a fiduciary relationship. So to find that there is no fiduciary duty here, the court would have to find that when it comes to a class representative, who is the client for all other purposes. I might agree with you, except that there's a lot of cases out there across the circuits that say, well, that may be true with regard to your standard case, but class actions are different. That's a whole different ballgame. Class actions are, the words they use are unique. They're different. And they're governed by separate procedures. They're governed by, Ninth Circuit says it's governed by Federal Rule of Civil Procedure 23. They're different. They're unique. And they are different. And where we differ is we don't think it needs to be either or. It's certainly possible for the class to trump any individual duties owed to the class, named class. Counsel, should we be concerned about your client filing a separate fiduciary breach case against class counsel in the TTA action while that judge in the TTA action is entertaining whether or not to approve settlement or being asked to reconsider whether or not settlement should be approved? It seems like that is just tinkering with the process outside the class action. All these claims that you're making here could have been presented to Judge Percelli, who was supervising the TTA action. And this looks like somewhat of a collateral attack, side door attack coming in and trying to undermine the TTA action. Well, if I am right and we are right that there is a fiduciary duty of loyalty owed to the client, the named class rep, then my client absolutely has the right to bring a separate independent action. And when we look at the history, when we look at the history, Your Honor, the TTA action gets filed in state court. And my client becomes aware of it through a mistake in some emails. But it is then dropped. It's dropped. And my client starts pursuing fiduciary duty. You're not going to be arguing in this case the fairness of the TTA action, are you? No. Okay, because that has nothing to do with your case is what you would say. Correct. They might say differently. But you have to say separate worlds. But my point, Your Honor, is that at the time that this started to be pursued as a fiduciary Well, counsel, do you work in this area much? I am not a TCPA lawyer, Your Honor. Are you a class lawyer? I do handle some class actions. So you know everybody expects that's dropped and it's going to be refiled later. That's not the issue, is it? Well, it's always possible it can be refiled. I have had plenty of cases, both myself defending and as a plaintiff, where we do not refile actions. So we can only go on what's actually been done. But regardless, it shouldn't stop my client, the named class rep, from pursuing their fiduciary duty claims should the court hold that there is such a duty. So you're asking us to create some new law. We'd be the first circuit in the country, first court in the country, to say that there's a fiduciary duty owed by class counsel to individual named members of the class, separate and apart from the class as a whole. We'd have to create this new law. So I think these, I see I've passed my time, if I can answer your question, Your Honor. The issue is simply that this unique fact pattern hasn't come up. And I don't think it really requires creating new law. It requires taking two pieces of existing law and putting them together. Piece number one is that in an attorney-client relationship, there's a fiduciary duty. Piece number two is that in a... I agree with you there. Okay. So piece number two is that in a class action settling, excuse me, a class action scenario, that fiduciary duty still exists. However, it is subject... Class actions are different. But so that fiduciary duty that's owed to your client is subject to the greater fiduciary duties that are owed to the class. All right. May I ask one more question, Judge? Sure. Do you represent Oppenheim? No, he's the opposition. I'm sorry, not Oppenheim. I got the name wrong. Who is your... Who's M&C's counsel that was... Anderson Wansa. Yeah. Do you... Waka. Wansa, W-A-N-C-A. Okay. Do you represent him? They are a client of my law firm, yes. Okay. So I guess I'm still stuck on this whole concern about this looking not so much like an individual fiduciary breach as much as a missile aimed at who your other client thought stole a class action from him. M&C hasn't put any money into this case, have they? No. Okay. Your other client has funded the entire case. Yes. And I don't think there's any champery issues here like I think I'm going to hear from your opponent. But that's a significant factor as to whose point levers and why they're getting pulled, aren't they? But that's not relevant to whether there's a fiduciary duty of loyalty owed to a client. Yeah, but it's – I think it may be relevant to whether or not we should recognize a claim like this during the pendency of a separate class action where I think really what's going on here is you're trying to undermine the TTA action. I understand your point, Your Honor, but if there was no relationship between us and the law firm of Anderson Wansa and M&C was paying everything, it wouldn't change the legal issues that we've been discussing about whether there's a fiduciary duty of loyalty owed to a medical employer. I've borrowed enough time from Judge Wilson. Thank you. Thank you, Your Honor. Thank you. Mr. Blonien. May it please the Court, I'm Robert Hatch on behalf of the Bok Law Firm. I arranged to go first. I took 10 minutes. I'm going to give five minutes to Mr. Blonien who represents Mr. Oppenheim, the other defendant, and Apolli. Counsel, you know there's a lot of academic discussion these days about class lawyers. Yes, I'm very well aware of it because I am a class lawyer. And so you read that, don't you? I do every day. And this case is just going to fuel more of that, isn't it? It potentially could. I think if we prevail on appeal, it wouldn't necessarily fuel more of that. Well, we're going to write the facts up regardless of who wins or loses this appeal. And it's going to be pretty clear that there's a lot of nonsense going on in the name of Rule 23 these days. Yes. I'm just making sure you know I recognize that. I appreciate that, Your Honor. And I share your concerns. And I'm going to start. Can I? I hate to do this to you. Go ahead. Before you start your presentation, I've got what I think is like a ground zero kind of question that has genuinely puzzled me about this case. What law applies here? And this picks up on a thread that Judge Wilson asked your adversary. I take it the position is this is a Florida state law cause of action, informed, not controlled, but informed by ethical rules or whatever. But Florida law says a breach of fiduciary duty claim requires the existence of a fiduciary duty and then a breach and then some injury. So isn't he right that there is a fiduciary duty between a lawyer and his or her client? Correct, he is. If at that point your response is yes, but class actions are different. And so just so you know where I'm going and then the source of my confusion, I masquerade as a federal courts professor on the side. And I'm thinking about Erie and Gasparini and Shady Grove and whether or not this is really controlled by Florida state law or really controlled by Rule 23. I'm sort of haunted by the applicable law question. We were just discussing that. Let that last night be a Mr. Bologna. And the answer is a little bit subtle, but it's very straightforward. And it is that the cause of action is set under Florida law. But the fiduciary duty standard in this particular situation is set by federal class action law. Where does that come from? So Shady Grove is different, right? Because this is great. Like we can actually I'm not surprising you by asking you about Shady Grove. So Shady Grove says the federal rules on point. Right. When the federal rules on point, got it. Follow the federal rule. But as Judge Wilson says, you can look in 23 and there's nothing about this. So is this sort of like some kind of federal common law emanation from Rule 23? I think my view is that it is a necessity. The federal courts have got to recognize that. And so should the state court, if for some reason this case could be properly brought in state court. However, it's not difficult in this case because Florida itself has the same standard. If you look at the Adorno case, you will see the exact same standard. Florida itself says that in the situation where a class lawyer puts the interests of the named class plaintiffs ahead of the class as a whole, he has broken the rules. And it says that notwithstanding the plain language of the ethical rules that my opponent has cited as the basis for claiming a breach of fiduciary duty by my client. So we have harmony between the Florida rule and the federal rule of 23 case law that we look at. So the very thorny question of exactly whether or not the cause of action is purely state based. And if it is, which I do think it is, whether or not Rule 23 then still informs the particular fiduciary duty in this case really doesn't rise or you don't need to reach it because we have harmony between those two laws. OK, but what it does illustrate is something about the facts of this case that are really important. And that is that when Mr. Oppenheim was working for the Anderson and Wanza firm and representing MNC, he did so only in the context of class settlement. All he did was work in the area of doing the mediation. And he did that strictly on the basis of writing up the mediation papers or editing them with respect to class settlement issues. And at the same time, MNC itself agreed the representation was limited to class settlement issues. So I do believe Kincaid covers this case. And I think where MNC's arguments fail are on the facts because there are no facts here that show any relationship whatsoever outside the context of class action settlement. And that shows you that we're only talking about duties related to class with respect to MNC and Mr. Oppenheim and later. So your position, and maybe you guys on the sort of the conceptual issue are not that far apart, but your position is not that there was no duty owed to the individual class member vis-à-vis an attorney-client relationship or otherwise, but simply that that duty to the extent it existed was negated by the overarching duty to the class or some such. I would concede there's a conceptual possibility that a class rep could be owed a fiduciary duty that was unrelated to class action issues in a relationship with a putative class lawyer. This case doesn't raise that issue. But so your point then, back to my initial question, is that in the class context, there is no sort of forget-about-what-you-read and sort of stock boilerplate Florida law commentary on the elements of a breach of fiduciary duty claim. A fiduciary duty does not exist between lawyer and class rep. A fiduciary does not exist so long as that relationship is strictly lawyer-class rep, lawyer working in the class action context. Got it. And that is as a result of Rule 23, maybe, or Adorno, maybe. I would say it's a result of Rule 23, Adorno, and the actual express written contract retainer agreement that the client, M&C, signed in this case, where M&C agreed, as routinely class reps do, because class counsel, you know, present this to them this way, because class counsel needs a class rep that's going to put the interest of the class first. Because as we can see in a case like Kincaid and his progeny, if the class reps don't put the class first, you've got a mess. So I think in this case we have three sources, Rule 23 and cases like Kincaid and Radcliffe out of the Ninth Circuit. We also have the Florida law, and we also have the very retainer agreement at issue in this case. So there's a lot of harmony here, and there's really nothing that's saying anything otherwise, and there's nothing in the record to show that M&C engaged in any kind of a personal attorney-client relationship with Oppenheim in any way, shape, or form. Well, it is sort of troubling, troubling though, in that he's representing the class, and then he moves on and files a competing class action on behalf of other plaintiffs with information that he obtained, confidential and mediation-privileged information that he obtained from his prior representation. That is troubling, isn't it? Well, the record actually shows that that did not happen. Mr. Oppenheim did move firms. You have to understand these two firms were working together on literally dozens of cases at the time. It wasn't a particularly surprising thing that he moved firms. There's nothing in this record that shows that any of the information was used to file this case or was even the reason why this case was filed. In fact, Mr. Addison, one of the co-counsel for M&C, admitted that the basis for filing the case was simply Mr. Bock, as I've seen the ECF records, to determine who was in the class, comparing it to a list of people he'd previously solicited by a letter approved by the bar who had responded favorably. So having accessed that list, which was public information, it was not provided by Mr. Oppenheim, Mr. Bock simply contacted the person who expressed interest and asked if they were interested in filing a competing action, and that's how it happened. In this case, did M&C seek to enjoin the TTA settlement? Yes. In this case? Yes, I believe that was the purpose of this case, Your Honor. So we can't lose sight of that. Your opponent just told me that there's no, these worlds don't collide, that there's no, they're not trying to litigate or challenge the class settlement and TTA, but in fact, in the district court, they sought to enjoin the TTA settlement. Yes. There's several things in the record, including that motion for injunctive relief, that make it clear that that was the primary purpose of their filing this case. Of course, whether there was a breach of a fiduciary duty to the class as a whole is an issue for another day, right? That issue is for Magistrate Judge Porcelli. It's in front of him. It's fully briefed. We now have a fully developed record. And the essential mission of M&C is to derail it so that the putative class members do not get notice and opportunity to object and or to opt out and decide fully in the proper forum whether or not that class settlement should go forward. So that, in the TTA action, that's under submission, no decision yet. Correct. I see that my time's up, so I will take my co-counsel. Thank you, counsel. Mr. Bielanen. May it please the court. My name is Barry Bielanen, and I represent Attorney David Oppenheim. A lot of the arguments have already been covered here, but I did want to return to a couple of points, one being the source of the law. Judge Honeywell, in her decision, referenced one case that I think helps to illuminate the question of source of law, and that's the Diaz v. Shepard case. In Diaz v. Shepard, the majority rejected or held that there was no federal question jurisdiction for a malpractice action brought against an attorney. Judge Honeywell noted in her decision that the dissent there essentially ruled out that there could be a malpractice action individually stemming from a class action. But on the source of law question, the fact that the court got rid of the case on federal question grounds suggests that the source of the law, at least as to the substance of fiduciary duty, originates in the state. And then you have cases like Kincaid, also like Guthrie v. Evans, a decision from this court that says Rule 23 sets the standards for a class action attorney and the duties that follow from that. And you also build on top of that case law that makes it clear duties of loyalty flow to the entire class, not to any individuals. And that point is the second point I want to touch on, and that is that the duties asserted in this case, loyalty and confidentiality, are mutually exclusive. Loyalty means putting your client above all others. If we accept, as Kincaid and Parker and numerous other cases hold, that that duty of loyalty flows to the class, there cannot also simultaneously be a duty to an individual. Because essentially you would be responsible to cater to the desires and wishes of both, and you can't do that in the class action setting. That's what Kincaid and other cases make clear, and why we believe that affirmance is required in this case. Unless there's further questions from the court, I thank you for your time. All right, thank you. Thank you, Mr. Blonin. Your Honors, I wish to start just by clarifying one item. We did not seek to enjoin the settlement. We sought to enjoin either Mr. Oppenheim or his new law firm from representing the competing class. Why would you not go into the TTA action and assert that? That intervention was done by other counsel, and that's the issue. So you're in. Why would you seek that relief in this case? We chose to file a separate action originally in state court, and it was removed by the defendants to federal court. You're seeking injunctive relief that it would affect Judge Porcelli's supervision of a Rule 23 class in front of a separate judge in that court. Our injunction would only require the appointment of new counsel for that class. Exactly. Do you not see the problem with that? Not in light of the breach of fiduciary duty that came. I understand the court's position. We filed it separately. The issue was argued before Judge Honeywell, who decided to keep the case separate. Well, because there was no consent to go to Judge Porcelli, right? That was the only reason these cases weren't consolidated before Judge Porcelli, at least as I understand the record. There was certainly no consent to the magistrate. There have been arguments made in the case to put the cases together because they were the same issues, the same exact issues. Judge Honeywell, I believe— Your client—well, and it's perfectly his right, but your client wouldn't consent to go before Judge Porcelli. That's why the cases weren't before the same judge. Correct. So what's your response to my kind of geeky fed court's question about source of law? I mean, is it your position to forget about Rule 23? This is just a state law question and look at the elements, Judge, and it says an existence of a fiduciary duty. We had it. There was a breach. There was injury. Done. Or do you acknowledge some role for Rule 23 in this whole smorgasbord? To us, the role of Rule 23 comes in when there becomes a conflict between the class and the class rep. Now, he says loyalty and confidentiality provide this insoluble conflict. If they're an insoluble conflict, then they're always in conflict. I don't understand how there could be an insoluble conflict. The only issue is whether there is ever an attempt by the named class members to act adverse to the class itself so that there becomes a conflict between the class and the class members. For example, the Adorno case, which they rely on, involved a $7 million settlement where the named class rep's claims were worth about $84,000, and they settled out the whole class. Right? There's a plainly conflict of interest. We've got a Fifth Circuit 1978 case, Petway v. American Cast Iron Pipe & Company, that was cited in the briefs. Quote, it is inappropriate to import the traditional understanding of the attorney-client relationship into the class action context. Close quote. I don't know how we ride around that. I'm just past my time, if I can answer. I have two points in response, Your Honor. First, it's that same case that said, quote, an attorney who prosecutes a class action with unfettered discretion becomes, in fact, the representative of the class. This is an unacceptable situation because of the possible conflicts of interest involved. The court went in to say, quote, court should not accept the view that the attorney for the plaintiff is the dominus litis, and the plaintiff only a key to the courthouse door dispensable once entry has been effected. That's the problem with looking at it as either or. And so the second part of my answer is, it's that these duties of loyalty, fiduciary duties, are owed by the attorney to their client, the named class member, but that they are subject to the duties of protecting the entire class. You can't represent your class rep and throw out the class. That's going to violate Rule 23. But your corporate rep of your class rep acknowledged that she understood Oppenheim was representing the class at the mediation. Sure, the class.  And I would also add it was the in the record, the depositions of Mr. Addison and Mr. Kruski, that Mr. Oppenheim also did help with discovery and other strategic issues in the case. Thank you, counsel. Thank you very much. And the court will be in recess until nine o'clock tomorrow morning. All rise. Thank you. Thank you.